1  PHILLIP A. TALBERT
   United States Attorney
2  STEPHANIE M. STOKMAN
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:   (559) 497-4000
   Facsimile:   (559) 497-4099
5
   Attorneys for Plaintiff
6  United States of America

7

8            IN THE UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,            CASE NO.  1:21-CR-00267-JLT-SKO

                      Plaintiff,        STIPULATION REGARDING EXCLUDABLE
12                                       TIME PERIODS UNDER SPEEDY TRIAL ACT;
             v.                          ORDER
13
   JACK SCONIERS,                        DATE: April 20, 2022
14                                       TIME: 1:00 p.m.
                      Defendants.        COURT: Hon. Sheila K. Oberto
15

16

17        This case is set for status conference on April 20, 2022.  On May 13, 2020, this Court issued

18 General Order 618, which suspends all jury trials in the Eastern District of California "until further

19 notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21 judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22 May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23 were entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26 "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27 _____

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME          1
   PERIODS UNDER SPEEDY TRIAL ACT

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
2   pretrial continuance must be "specifically limited in time").

3   <center>**STIPULATION**</center>

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and
5   through defendant's counsel of record, hereby stipulate as follows:

6          1.       By previous order, this matter was set for status on April 20, 2022.

7          2.       By this stipulation, defendants now moves to continue the status conference until June
8   29, 2022, and to exclude time between April 20, 2022, and June 29, 2022, under 18 U.S.C.
9   § 3161(h)(7)(A), B(iv) [Local Code T4].

10         3.       The parties agree and stipulate, and request that the Court find the following:

11              a)       The government has represented that the discovery associated with this case
12   includes reports, photographs, and audio files. Discovery has been either produced directly to
13   counsel and/or made available for inspection and copying.  Additional discovery is being
14   collected by the government for defendant's review.

15              b)       Counsel for defendant desires additional time to further review discovery, discuss
16   potential resolution with his client and the government, and investigate and prepare for trial.

17              c)       Counsel for defendant believes that failure to grant the above-requested
18   continuance would deny him/her the reasonable time necessary for effective preparation, taking
19   into account the exercise of due diligence.

20              d)       The government does not object to the continuance.

21              e)       Based on the above-stated findings, the ends of justice served by continuing the
22   case as requested outweigh the interest of the public and the defendant in a trial within the
23   original date prescribed by the Speedy Trial Act.

24              f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
25   et seq., within which trial must commence, the time period of April 20, 2022 to June 29, 2022,
26   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]
27   because it results from a continuance granted by the Court at defendants' request on the basis of
28   the Court's finding that the ends of justice served by taking such action outweigh the best interest

of the public and the defendants in a speedy trial.

g)     The parties also agree that this continuance is necessary for several reasons, including but not limited to, the need to permit time for the parties to exchange supplemental discovery, engage in plea negotiations, and for the defense to continue its investigation and preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 5, 2022                              PHILLIP A. TALBERT
                                                  United States Attorney


                                                  /s/ STEPHANIE M. STOKMAN
                                                  STEPHANIE M. STOKMAN
                                                  Assistant United States Attorney


Dated:  April 5, 2022                             /s/ GRIFFIN ESTES
                                                  GRIFFIN ESTES
                                                  Counsel for Defendant
                                                  JACK SCONIERS

**ORDER**

IT IS SO ORDERED.


DATED:  4/5/2022                              _Sheila K. Oberto_
                                             THE HONORABLE SHEILA K. OBERTO
                                             UNITED STATES MAGISTRATE JUDGE